UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY MCGILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 15-1181-JDT-egb |
| | ) |
| CORRECTIONS CORPORATION OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On July 22, 2015, Plaintiff Timothy McGill ("McGill"), who is presently incarcerated at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court subsequently issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The complaint concerns Plaintiff's previous incarcaration at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. Therefore, the Clerk shall record the Defendant as Corrections Corporation of America ("CCA"), which operates the HCCF.[1]

---

[1] The Court construes the allegations against the HCCF as an attempt to assert a claim against CCA.

I. The Complaint

McGill alleges that the HCCF has violated his rights "due to medical neglect." (ECF No. 1 at 4.) He alleges that his medical records show a "huge gap" in treatment for a known medical problem and that he has been a diabetic since he was thirteen years old. (ECF No. 1-1 at 5.)[2] McGill states that he has a witness he wants to subpoena. He alleges that HCCF failed to provide treatment and medication for his known medical condition, interfered with and delayed medical care, failed to provide qualified medical staff and made medical decisions based on non-medical factors. McGill seeks $250,000 in compensation for the alleged medical neglect. (ECF No. 1 at 5; ECF No. 1-1 at 8.)

II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting

---

[2] Plaintiff has attached to his form §1983 complaint a form "Petition for Common Law Writ of Certiorari to Acency [sic] Decision," which invokes jurisdiction under Tennessee Code Annotated § 27-8-101. (ECF No. 1-1 at 3.) However, such a petition is not the proper method of raising the claim asserted in this case. Furthermore, a petition for certiorari under Tennessee law may be brought only in an appropriate Tennessee state court.

all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners

3

are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

McGill filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the

District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

As indicated, *supra*, note 1, McGill's claim against HCCF is properly asserted against CCA, which operates the facility. However, the complaint does not assert a valid claim against CCA. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CCA "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against CCA, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* The complaint does not allege that McGill suffered any injury because of an unconstitutional policy or custom of CCA.

McGill alleges the Defendant violated his rights due to medical negligence. To the extent he is attempting to state a constitutional claim for lack of medical care, such a claim would arise under the Eighth Amendment, which prohibits cruel and unusual punishment. *See generally*

5

*Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298. In the context of an Eighth Amendment claim based on a lack of medical care, the objective component requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Id.* at 897 (internal quotation marks omitted); *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that prison officials acted with the requisite intent, that is, that they had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. This requires a showing that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303. The prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Such "deliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835.

In this case, McGill alleges only that he was the victim of medical negligence; he does not contend that any prison official or employee acted with deliberate indifference to his serious

medical needs. He does not allege that he requested medical treatment from any particular individual, that any particular individual denied treatment, or the specific circumstances of any such denial. McGill also fails to set forth with any specificity his claims that HCCF failed to provide qualified medical staff and made medical decisions based on non-medical factors. Thus, he has failed to state an Eighth Amendment claim for denial of adequate medical care.

For the foregoing reasons, McGill's complaint is subject to dismissal in its entirety for failure to state a claim on which relief can be granted.

### III. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

In this case, the Court cannot conclude that any amendment to McGill's claims would be futile as a matter of law.

## IV. Conclusion

The Court DISMISSES McGill's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, leave to amend is GRANTED. Any amended complaint must be filed within thirty (30) days after the date of this order. McGill is advised that an amended complaint will supersede the original pleadings and and must be complete in itself without reference to those prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If McGill fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE